UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRAN COLE, et al., | No. 2:14-cv-00078-KJM-AC |
| Plaintiffs, | |
| v. | ORDER |
| TENNESSEE WALKING HORSE BREEDERS' AND EXHIBITORS' ASS'N, | |
| Defendant. | |

      This matter is before the court on plaintiff's ex-parte motion for a temporary restraining order ("TRO"). (ECF 5.) Plaintiff challenges on various grounds defendant's requirement that all California members of the Tennessee Walking Horse Breeders' and Exhibitors' Association ("TWHBEA") appear in person in Lewisburg, Tennessee in order to cast their vote in the recall election of TWHBEA's California Director Christy Landis. Plaintiffs seek, among other things, an injunction to stop the February 3, 2014 special meeting at which the recall vote of Landis will take place.

      The court denies plaintiffs' motion because plaintiffs have not made the requisite showing to obtain a TRO. A plaintiff seeking a TRO must establish she "is likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in his favor, and . . . an injunction is in the public interest." *Winter v.*

*Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical"). While plaintiffs address the first two prongs of the *Winter* test in their memorandum in support of the TRO, they do not address the latter two. Accordingly, the court DENIES the motion without prejudice.

        IT IS SO ORDERED.

Dated:  January 23, 2014.

                              UNITED STATES DISTRICT JUDGE